## SWIFT'S IRON STEEL WORKS *v.* J. L. REED.

**Master and Servant—Inexperienced Employe—Duty to Instruct—Personal Injury.**

Where an employer knew of the danger incident to the repairing of machinery and the employe was inexperienced and did not know of the danger, it was the duty of the employer to inform the employe of the danger and to give him proper instruction.

**Master and Servant—Assumption of Risk—Question for Jury.**

Whether the employe had knowledge of the risk he was assuming, or by the exercise of ordinary prudence and caution, could have avoided the danger, were questions for the jury under proper instructions.

**Master and Servant—Dangerous Machinery—Duty of Master.**

Where an employe's position in repairing machinery was dangerous because of the absence of a belt shift, and the employe because of his inexperience was not aware of the danger, it was the duty of the employer to instruct him as to the danger and provide against it.

APPEAL FROM CAMPBELL CIRCUIT COURT.

April 8, 1874.

OPINION BY JUDGE PRYOR:

The injury received by the appellee is alleged to have been caused by the absence of a shifter. This defect was well known to the appellant, and unknown to the appellee. If the appellant knew the danger connected with the repairing of the machinery,

and the appellee did not, it was the duty of the former to have made known to the latter the danger he was in, when assuming to perform the labor. This rule would not apply, however, if the appellee, by reason of his skill in such work, knew, or ought to have known, the danger attending it. The evidence is that the latter was a blacksmith, and that the character of the work he undertook was not in his usual line of business, and also conduces strongly to show that he was ignorant of the danger he was in, when making these repairs at the request of the appellant. If a shifter had been attached to the machinery the accident would have been avoided; and, although there is some evidence going to show that a shifter was not always used in such machinery, the weight of the evidence is that it was necessary, and when attached, removed the danger otherwise incident to the undertaking. The appellee was in the employ of the company, aiding it in building an iron boat, and, when asked to repair the machinery in the rolling mill, informed appellant's agent that he knew nothing of the character of work he was called upon to perform. Whether or not the appellee knew the risk he was running, or by the exercise of ordinary prudence and caution, could have avoided the danger, were questions for the jury to determine under the instructions of the court. These instructions contain in substance the law applicable to the facts proven.

The first instruction requires the jury to believe that the injury happened from the defect in the machinery, and that the plaintiff observed proper care in the execution of the work, before they can find for him, and not then if he was skilled in the use of such machinery, or so prepared himself, or knew of the defects when he undertook the work. The instructions asked for by defendant were properly refused. The appellee may have been guilty of negligence, and still entitled to recover, if ignorant of the danger which he was in. The appellant cannot complain, however, if these instructions were proper, as the court went so far as to say to the jury that if, from all the evidence, the plaintiff, by any negligence or carelessness of his own, contributed to the injuries complained of, they should find for the defendant. This instruction gave to appellant the full benefit of the doctrine of contributory negligence, and relieved it from all liability, although the appellee may have been entirely ignorant of his danger

and unacquainted with the defects in the machinery, it being the duty of appellant to have informed him of the existence of both facts.

There can be no objection to the second instruction given, for plaintiff's evidence shows that the party assisting him was in the employ of the company. Counsel insists that the position taken by plaintiff when he was repairing the machinery or removing the belt, was the immediate cause of the injury. This may be so, but if the shifter had been attached, this position would not have been dangerous; and the proof conduces to show that the appellee was not aware of the danger on account of the absence of this part of the machinery, and the appellant was. It was the duty of appellant to have made known the danger or to have provided against it, which it failed to do. If appellee had known what was necessary to make him secure whilst at work, the rule contended for by appellant would apply.

We cannot say that the verdict was excessive. The arm of the plaintiff was badly fractured and in the language of the lawyer, "he will never be able to work again efficiently."

Judgment affirmed.

*Webster,* for appellant.

*W. S. Abert,* for appellee.